IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH WAINWRIGHT,

    Plaintiff,

vs.                                                       Civ. No. 04-277 JP/LAM

SKI APACHE, and the
APACHE TRIBE ON THE
MESCALERO RESERVATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 27, 2004, the Defendant Apache Tribe on the Mescalero Reservation (Tribe) filed a Motion to Dismiss All Claims For Insufficient Service of Process and Lack of Subject Matter Jurisdiction Pursuant to Rule Fed. R. Civ. P.12(b) (Doc. No. 5). Having reviewed the briefs and relevant law, the Court finds that the Plaintiff's claims against the Tribe and Defendant Ski Apache Resort (Ski Apache) should be dismissed without prejudice for lack of subject matter jurisdiction. Since the Court finds that there is no federal subject matter jurisdiction, it is unnecessary to address the insufficient service of process claim.

The party who seeks to invoke federal jurisdiction, in this case the Plaintiff, bears the burden of establishing that federal jurisdiction is proper. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994). A defendant can facially attack the complaint's allegations of subject matter jurisdiction or challenge the underlying facts upon which subject matter jurisdiction is based. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Here, the Tribe challenges the

underlying facts of the alleged subject matter jurisdiction.[1]

The Plaintiff filed this personal injury lawsuit in federal court based on federal diversity jurisdiction.  The Tenth Circuit, however, has held that diversity jurisdiction cannot be asserted with respect to Ski Apache and the Tribe.  *Gaines v. Ski Apache*, 8 F.3d 726 (10th Cir. 1993).  Moreover, the Tribe has sovereign immunity from civil suits which sound in torts.  *Mescalero Apache Tribe d/b/a Ski Apache Resort v. The Honorable Karen Parsons, et al.*, Civ. No. 97-0532 JP/DJS, Memorandum Opinion and Order (Doc. No.32), filed June 4, 1998.  The Court notes that, contrary to D.N.M. LR-CV 7.5(a) and Fed. R. Civ. P. 11(b)(2), the Plaintiff's response to the Tribe's Rule 12(b)(1) motion does not cite to any legal authority to support her contention that this Court has subject matter jurisdiction.  The Court, therefore, finds that the Plaintiff has failed to carry her burden of establishing federal subject matter jurisdiction and that this lawsuit should be dismissed without prejudice.[2]

IT IS ORDERED that the Tribe's Motion to Dismiss All Claims For Insufficient Service of Process and Lack of Subject Matter Jurisdiction Pursuant to Rule Fed. R. Civ. P.12(b) (Doc. No. 5) is granted and that this lawsuit will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] When a party challenges the underlying facts of the alleged subject matter jurisdiction, that party may rely on evidence outside of the complaint to support the contention that the court lacks subject matter jurisdiction.  *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002)(quoting *Holt*, 46 F.3d at 1003).

[2] "[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal... must be without prejudice."  *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).